UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BARBARA RICHARDSON,**

    **Plaintiff,**

v.                                                                         Civil Action No. 2:16cv4

**SPIRIT CRUISES, LLC,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Spirit Cruises, LLC's ("Spirit Cruises") Motion for Summary Judgment.[1] (ECF No. 9). Plaintiff Barbara Richardson ("Richardson") alleges that she slipped and fell on liquid on the stairs while onboard the Spirit of Norfolk, a mealtime entertainment cruise ship. Spirit Cruises argues that Richardson cannot show that an unsafe condition existed, and even if such a condition existed, Spirit Cruises lacked notice, constructive or actual, of the allegedly defective condition prior to Richardson's fall. Richardson filed a response, noting that she does not oppose Spirit Cruises' Motion for Summary Judgment. (ECF No. 11). For the reasons outlined below, the court GRANTS Spirit Cruises' Motion for Summary Judgment.[2]

---

[1] On August 22, 2016, Spirit Cruises filed a request for a hearing. The court finds that the materials in the record are sufficient and a hearing is not necessary to resolve the matter.

[2] The parties previously entered their consent to proceed before a United States Magistrate Judge, and all further proceedings in the case were referred in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

1

I. **SUMMARY OF UNDISPUTED FACTS**

Spirit Cruises, a Delaware corporation with its principal place of business in Illinois, owns and operates the Spirit of Norfolk, an entertainment cruise ship that operates in Norfolk, Virginia. Compl. ¶¶ 2-3 (ECF No. 1-1, at 1-2); Def.'s Answer ¶¶ 2-3 (ECF No. 4, at 1). With regard to cleaning the vessel, after the last cruise of the day, the crew cleans the Spirit of Norfolk. Decl. of Justin M. Wylie Sr. ¶ 8 (ECF No. 10-1, at 2). Prior to passengers boarding for a cruise, the crew also inspects the interior and exterior of the vessel. Id. ¶¶ 6, 9 (ECF No. 10-1, at 1-2). The crew did not receive any reports of hazardous or dangerous conditions related to the stairs or related generally to the condition of the vessel on October 12, 2013, the date of the alleged incident. Id. ¶¶ 16-17 (ECF No. 10-1, at 2-3).

On October 12, 2013, Richardson and her daughter, Stacey Mitchell ("Mitchell"), were passengers onboard the Spirit of Norfolk. Compl. ¶ 6 (ECF No. 1-1, at 3); Def.'s Br. (ECF No. 10, at 2). Passengers, including Richardson and Mitchell, began boarding the Spirit of Norfolk at approximately 10:00 a.m. for the lunch time cruise. Wylie Decl. ¶ 6 (ECF No. 10-1, at 1); Daily Log (ECF No. 10-2). Richardson fell down the stairs on the Spirit of Norfolk at 10:20 a.m. Dep. of Barbara Richardson at 14 (ECF No. 10-3, at 2). The stairs were carpeted, had handrails on both sides, and led to a lower deck with restrooms. Id. at 23-24 (ECF No. 10-3, at 3-4); Photograph (ECF No. 10-4). Before Richardson fell, she did not ask the crew for assistance walking down the stairs. Richardson Dep. at 34 (ECF No. 10-3, at 5). With regard to water on the stairs, Richardson did not observe any water or other substance as she descended to the lower level, and she did not feel any moisture on the stairs. Id. at 45, 50 (ECF No. 10-3, at 6, 9).

After Richardson fell, she and her daughter spoke with Damion Madison ("Madison"), the restaurant manager for the Spirit of Norfolk. Decl. of Damion Madison ¶ 7 (ECF No. 10-6, at 2). Madison inspected the stairs immediately after Richardson fell, and he confirmed that the

2

stairs were "clean and dry with no hazards that could have caused Ms. Richardson to fall." Id. ¶ 9. Richardson did not did not tell any member of the crew, including Madison, why she thought she had fallen. Richardson Dep. at 52 (ECF No. 10-3, at 10). Richardson's daughter, Mitchell, informed Madison that her mother had fallen when she missed a step. Madison Decl. ¶ 7 (ECF No. 10-6, at 2). Mitchell did not tell the crew that she thought the stairs were unsafe. Dep. of Stacey Mitchell at 25 (ECF No. 10-5, at 5). Richardson has not identified any expert or other evidence indicating that the stairs were defectively designed or otherwise inherently unsafe. As to the crew's response to her fall, Richardson stated that she believed the crew responded appropriately. Richardson Dep. at 62 (ECF No. 10-3, at 11).

## II. ANALYSIS

### A. The Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.' " Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts

3

demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient." Anderson, 477 U.S. at 252. Rather, when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks omitted).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255. That is, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

B. **Richardson Has Failed to Produce Any Evidence of an Unsafe Condition on the Stairs, and Even Assuming an Unsafe Condition Existed, She Has Failed to Produce Any Evidence Showing that Spirit Cruises Had Notice of the Alleged Defect.**

Richardson alleges one count of simple negligence. Because the events giving rise to Richardson's Complaint occurred when she was onboard the Spirit of Norfolk, a vessel that travels on navigable waters, the court first discusses her claim under maritime law. "[S]hipowner[s] owe[ ] the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 630 (1959). That is, individuals upon a vessel are "due the protection of ordinary care by the ship for their safety." Olah v. S.S. Jaladurga, 343 F.2d 457, 458 (4th Cir. 1965). However, "[u]nder maritime law ... a defendant is generally not liable for negligence unless it had actual or constructive notice of the particular hazard that led to the injury." Mansoor v. ZAANDAM M/V, 274 F. App'x 553, 554 (9th Cir. 2008).

4

If the court applied Virginia law,[3] essentially the same standard would apply to Richardson's claim. Specifically, under Virginia law, at trial, Richardson would have the burden to prove that Spirit Cruises owed her a duty, breached that duty, and by such breach, proximately caused her injury. Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). Assuming the Plaintiff is able to establish an unsafe condition existed, if there is no evidence of actual knowledge of the unsafe condition, constructive knowledge "may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1993) (citing Colonial Stores Inc., 125 S.E.2d at 190). The constructive notice inquiry in Virginia "focuses on whether knowledge of a specific unsafe condition may be imputed" to an owner. Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 454 (4th Cir. 2004) (citing Grim, 434 S.E.2d at 890); see also Cerquera v. Supervalue, Inc., 715 F. Supp. 2d 682, 686 (E.D. Va. 2010) ("Under Virginia law, the owner of premises is not an insurer of his invitee's safety.").

Applying either general maritime law or Virginia law, Richardson must establish that an unsafe condition existed. Richardson previously theorized that water from passengers' feet created an unsafe condition on the stairs, but she also stated that she did not observe, see, or feel any water or moisture on the stairs. Dep. Richardson at 45, 46, 50 (ECF No. 10-3, at 6, 7, 9). However, Spirit Cruises' Motion for Summary Judgment establishes that the stairs were free from hazardous materials and that no member of the crew had notice of any condition that could have caused Richardson's fall. Richardson filed a response to Spirit Cruises' Motion, noting that she does not oppose the Motion, and she does not dispute the facts set forth in Spirit Cruises' brief. See (ECF No. 11). At this stage, Richardson has not proffered any evidence establishing

---

[3] When federal courts sit in diversity, state law provides the rules of decision. See 28 U.S.C. § 1652; see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

the existence of an unsafe condition on the stairs, and she has not proffered any evidence establishing that Spirit Cruises had any knowledge of the alleged unsafe condition.

Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322-23 (citing Fed. R. Civ. P. 56(c)). At trial, Richardson would have the burden to prove the existence of an unsafe condition. However, Richardson has failed to produce any evidence from which a reasonable juror could conclude that any alleged defect existed, or if the defect existed, that Spirit Cruises had notice of the alleged defect. Without any such evidence, no rational trier of fact can infer, based on the materials in the record, that there was water on the stairs or that Spirit Cruises had any knowledge, either actual or constructive, of any alleged defect. Based on a review of the materials in the record, viewed in the light most favorable to Richardson, the court concludes that there is no genuine dispute as to any material fact and Spirit Cruises is entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Spirit Cruises' Motion for Summary Judgment (ECF No. 9), and the Clerk is DIRECTED to enter judgment in favor of Spirit Cruises.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 2⁶, 2016